IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLES PATTERSON, § | | |
|     Petitioner, § | | |
| § | | |
| V. § | A-07-CA-340-SS | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| Director, Texas Dept. of Criminal Justice- § | | |
| Correctional Institutions § | | |
| Division, § | | |
|     Respondent. § | | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 2); Respondent's Motion to Dismiss (Document 12); and Petitioner's Response thereto (Document 15). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas, in cause

number 30113781.  Petitioner was charged with aggravated sexual assault of a child and indecency with a child.  On October 15, 2003, the jury found Petitioner not guilty of aggravated sexual assault of a child but guilty of indecency with a child.  The jury assessed punishment at 16 years in prison and a $2,000.00 fine.

Petitioner's conviction was affirmed by the Third Court of Appeals of Texas on July 8, 2005. Patterson v. State, No. 03-03-00625, 2005 WL 1583515 (Tex. App.– Austin 2005, no pet.). Petitioner did not file a petition for discretionary review.  He did, however, file a state application for habeas corpus relief.  Petitioner filed his state application on July 27, 2006.  Ex parte Patterson, Appl. No. 65,717-01.  On April 11, 2007, the Texas Court of Criminal Appeals denied the application without written order on findings of the trial court without a hearing.  Id. at cover.

**B.      Petitioner's Grounds for Relief**

Petitioner argues that appellate counsel rendered ineffective assistance of counsel, trial counsel rendered ineffective assistance of counsel and the prosecutor engaged in misconduct.

**C.      Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  Instead, Respondent argues Petitioner's application is time-barred.

## II.   DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

2

limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.    Application**

Petitioner's conviction became final, at the latest, on August 7, 2005, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to TEX. R. APP. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for discretionary review in state court ended."). At the time Petitioner filed his state application for

3

habeas corpus relief on July 27, 2006, only 11 days remained of the one-year limitations period. The Court of Criminal Appeals denied the application on April 11, 2007. Rather than using the prison mail system to mail his federal application to the Court, Petitioner mailed the application to his daughter with instructions on filing. Petitioner's daughter waited until May 7, 2007, after the limitations period had already expired, to file the federal application.

Petitioner argues he is entitled to equitable tolling of the limitations period. He explains his attorney never informed him that an appeal had been filed and that his conviction had been affirmed. Petitioner asserts with the assistance of another offender he learned on May 26, 2006, that his conviction had been affirmed. According to Petitioner's assistant, they began inquiring about the status of Petitioner's appeal in April 2006.

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007). Assuming, without deciding, that equitable tolling is allowed, the Supreme Court has noted to be entitled to equitable tolling, Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005)).

The Fifth Circuit has permitted equitable tolling only in "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See

Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998), cert. denied, 119 S. Ct. 847 (1999) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

In this case Petitioner has not shown that he has pursued his rights diligently. Petitioner filed a pro se notice of appeal on October 24, 2003. Tr. at 146. Petitioner admits he did not begin to inquire about his appeal until April of 2006. After discovering his conviction had been affirmed, Petitioner was able to file his state application for habeas corpus relief prior to the expiration of the limitations period. The state application tolled the limitations period during its pendency. Petitioner then timely prepared his federal application. However, rather than mailing the application to the Court using the prison mail system, Petitioner mailed the application to his daughter for filing. Petitioner's daughter did not file the application until the limitations period had expired. The Court

finds that Petitioner's circumstances are unfortunate but are not "rare and exceptional" in which equitable tolling is warranted. In addition, the Court finds that Petitioner did not diligently pursue his rights.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed as time-barred.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of September, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE